# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**HARRY LEE WILLIAMS**  **CIVIL ACTION**

**versus**  **NO. 11-1903**

**19TH JUDICIAL EAST BATON ROUGE**  **SECTION: "R" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that petitioner's federal application be **DISMISSED WITH PREJUDICE**.

Petitioner, Harry Lee Williams, is a state prisoner incarcerated at the Tensas Detention Center, Waterproof, Louisiana. The record reflects that he was placed on parole on February 19, 2000, with respect to a manslaughter conviction.[1] In 2008, he was accused of violating the conditions of his parole.[2] On August 12, 2008, he signed a form stating that he did not want a preliminary hearing concerning the parole violation, that he wanted to plead guilty to the parole

---

[1] See Rec. Doc. 16-1, p. 4.

[2] Rec. Doc. 16-1, pp. 6-9.

violation, and that he waived his right to a parole revocation hearing.[3] As a result, on August 27, 2008, the Louisiana Parole Board revoked his parole effective August 12, 2008.[4] He is currently in state custody serving the remainder of his sentence on the manslaughter conviction.

On or after October 12, 2010, petitioner filed an "Out-of-Time Appeal of Parole Revocation" in the Louisiana Nineteenth Judicial District Court.[5] On February 8, 2011, a Commissioner of that court issued a Screening Report stating:

> The Appellant, an inmate in the custody of the Department of Public Safety and Corrections, filed this appeal of his parole revocation, seeking review in accordance with R.S. 15:574.11 and R.S. 15:574.9. The pleadings and attachments show that parole was revoked by the Board on August 12, 2008, and that this appeal was not filed until more than two years later. On all revocation complaints, this court sits as an appellate court. This Court's appellate jurisdiction is predicated on a timely appeal being filed pursuant to R.S. 15:574.11, which allows an appellant 90 days from the date of revocation to appeal the Board's decision. This Court is required to consider its own jurisdiction sua sponte, and having done so, this screening report is issued in accordance with law on the petition and attachments alone for the Court's de novo review, recommending dismissal without service of this appeal for failure to timely seek judicial review.

> ANALYSIS OF THE FACTS AND THE LAW

> The Appellant seeks to file this appeal as an "out of time appeal" requesting to overturn his revocation because he did not have appointed counsel at his revocation hearing. However, despite the fact that this claim is contradicted by the fact that the Petitioner waived a final hearing and admitted the violations prior to any hearings, the only issue actually before the Court is whether the appeal is timely filed such that appellate jurisdiction attaches to this Court. Without addressing the merits, this Court is required to

---

[3] Rec. Doc. 16-1, p. 7.

[4] Rec. Doc. 16-1, p. 3.

[5] Rec. Doc 16-2, pp. 2-12.

consider its own subject matter jurisdiction sua sponte. All revocation complaints must be heard by this Court in its appellate capacity, and R.S. 15:574.11 sets a 90-day peremptory time limit on all revocation appeals. Peremptory time limits may not be suspended or interrupted for any reason.

The petition (by its title and its contents) confirms that this appeal is clearly untimely, and thus, this Court does not have subject matter jurisdiction.

The Petitioner asserts that his parole was revoked on August 12, 2008 and the record shows that he signed his petition (not in the original) on October 12 2010 – well more than the 90 days allowed by R.S. 15:574.11 – and more than two years after revocation. The Petitioner does not even offer any excuse for the delay, but even if he had one, peremptory time limits cannot be interrupted. It is clear from the records attached to the petition that the Petitioner pled guilty to the violations – which he acknowledges in his petition, and that his waiver of a preliminary and final revocation hearing was initialed and signed by him. The Petitioner initialed the form that states in bold caps "WAIVER OF FINAL REVOCATION HEARING" and he signed it as well. He does not deny that he waived the hearings, but simply seeks to complain that he did not have a lawyer appointed for a final revocation hearing that he had relinquished by the waiver. At this late date, the Court has no authority to consider the claim.

Based on the record, this Court is constrained by the law to dismiss this appeal for lack of subject matter jurisdiction.

If the Court is in agreement with this analysis, my formal recommendation follows.

## COMMISSIONER'S SCREENING REPORT

In accordance with the Court's responsibility to consider sua sponte its own appellate jurisdiction over a matter, and after consideration the date of the signing and filing of the petition, the date of revocation and the law applicable, for the reasons stated hereinabove, I recommend dismissal with prejudice at the Appellant's costs because his right to appeal his revocation has been extinguished by the passage of time pursuant to R.S. 15:574.11D.[6]

---

[6] Rec. Doc. 16-3, pp. 13-14, Commissioner's Screening Report (footnotes omitted).

State District Court Judge Janice Clark adopted that recommendation on March 11, 2011, and dismissed the petition as time-barred.[7] Petitioner thereafter filed two related writ applications attempting to challenge that judgment. However, those applications were improper in form and filed with the wrong court of appeal. Ultimately, both applications were rejected on procedural grounds.[8]

On August 4, 2011, petitioner filed the instant federal *habeas corpus* petition.[9]

## Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year limitations period for seeking federal *habeas corpus* review. That statute of limitations is an affirmative defense, rather than a jurisdictional mandate. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). Consequently, the limitations defense may be waived, but the waiver must be express and intentional. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Irving v. 21st District Court, Civ. Action No. 09-2777, 2009 WL 2883034, at *3 (E.D. La. Aug. 31, 2009).

In its response in this proceeding, the state does not address the issue of timeliness at all; therefore, there obviously was no express waiver of that defense. Accordingly, petitioner is hereby placed on notice that the limitations issue is being considered by this Court. See Day v. McDonough, 547 U.S. 198, 210 (2006); Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999); Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). Any objection by petitioner to the Court's assessment of this issue must be timely filed as required at the end of this report.

---

[7] Rec. Doc. 16-3, p. 11, Screening Judgment.

[8] State v. Williams, No. 11-KH-352 (La. App. 5th Cir. May 12, 2011); State v. Williams, No. 11-KH-567 (La. App. 5th Cir. June 28, 2011); Rec. Doc. 1-2, pp. 16-17.

[9] Rec. Doc. 1.

When, as here, a petitioner is challenging a Parole Board decision, his one-year limitations period for seeking federal review runs from the date on which his parole was revoked. See, e.g., Ray v. Mitchem, 272 Fed. App'x 807, 809–10 (11th Cir. 2008); Cook v. New York State Division of Parole, 321 F.3d 274, 280–81 (2nd Cir. 2003); Simmons v. Wilkinson, Civ. Action No. 07–1653, 2008 WL 521366, at *2–4 (W.D. La. Feb. 6, 2008) (Kirk, M.J.) (adopted by Drell, J., on February 27, 2008); see also McKendall v. Tanner, Civ. Action No. 10-4448, 2011 WL 1302917, at *3 n.3 (E.D. La. Jan. 21, 2011), adopted, 2011 WL 1226052 (E.D. La. Mar. 30, 2011). Therefore, at the latest, petitioner's federal limitations period commenced on August 27, 2008, when he was advised by the Parole Board that his parole was in fact revoked. Accordingly, the one-year limitations period then expired on August 27, 2009, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the one-year limitations period. Therefore, he clearly is not entitled to statutory tolling.[10]

---

[10] The Court notes that petitioner unsuccessfully sought to file an out-of time-appeal in 2010. However, such state applications filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before August 27, 2009, in order to be timely. His federal application was not filed until August 4, 2011, and it is therefore untimely.

<u>Failure to Exhaust/Procedural Default</u>

Out of an abundance of caution, this Court notes that, even if petitioner's application had been timely filed, it would nevertheless still be subject to dismissal for the following reasons.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. The United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)) (emphasis added).

The state contends that petitioner failed to present his instant claims to the state's highest court, the Louisiana Supreme Court. This Court contacted the Clerk of Court of the Louisiana Supreme Court by telephone on January 11, 2012, and confirmed that petitioner has filed no writ applications in that court challenging the revocation of his parole or the validity of his present incarceration.

In light of the foregoing, this Court would be barred from reviewing petitioner's claims. It is clear that a federal *habeas* claim is procedurally defaulted if the "prisoner fail[ed] to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). Clearly, petitioner failed to exhaust his remedies in state court, and it is now too late for him to do so. As noted by the Louisiana Nineteenth Judicial District Court, state law required that any challenge to the revocation of petitioner's parole be filed within ninety days. He missed that deadline, and he is now precluded from seeking review of his claims in state court.

In light of petitioner's procedural default of his claims in state court, this federal Court may review those claims only if petitioner demonstrates either (1) the existence of "cause" *and* "prejudice" or (2) that a failure to address the claims will result in a "fundamental miscarriage of justice." See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004). Petitioner has demonstrated neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original). Objective factors that can constitute cause include interference by officials that makes compliance with the state procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel. Romero v. Collins, 961 F.2d 1181, 1183 (5th Cir.1992). Here, petitioner has made no attempt to establish cause for his failure to properly raise the defaulted claims. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court must determine whether the application of the procedural bar would result in a fundamental miscarriage of justice. In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). In the instant case, petitioner has not made a persuasive showing that he was actually innocent of the charge that he violated the conditions of his parole. To the contrary, he pleaded guilty to that charge, and does not even now dispute that he failed to comply with those conditions. Therefore, he has not demonstrated that any miscarriage of justice will result from the application of the procedural bar. Accordingly, even if petitioner had timely sought federal review, *which he did not*, his claims would still be procedurally barred in this federal court.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Harry Lee Williams be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this twenty-seventh day of January, 2012.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.